**LOUGHRY and LINDSAY, LLC**
330 Market Street
Camden, New Jersey 08102
(856) 968-9201
By: Justin T. Loughry, Esquire (3473-JTL)
Attorneys for Evan Reece

| | | |
|---|---|---|
| EVAN REECE, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF PEMBERTON; Director | : | Civil Action No. |
| and/or CHIEF OF THE TOWNSHIP OF | : | |
| PEMBERTON POLICE DEPARTMENT | : | |
| ROBERT LEWANDOWSKI; SGT PETER | : | |
| PAUL DELAGARZA (C301871); | : | |
| OFFICER/PATROLMAN JOHN HALL | : | |
| (C3018108); OFFICER/PATROLMAN F/N/U | : | **COMPLAINT AND DEMAND FOR** |
| GANT (C3018111), | : | **JURY TRIAL** |
| | : | |
| Defendants. | : | |

Evan Reece, by way of Complaint against defendants, says:

### PRELIMINARY STATEMENT

1. This action is brought to redress intentional violations of the First, Fourth, Fifth and Fourteenth Amendment rights of the Plaintiff, committed by the Township of Pemberton, and its/their Police Department, and one or more of its agents, servants, employees or officers of said department, in effecting an unconstitutional search and/or seizure, an unlawful entry onto the private residential premises of the plaintiff, an illegal arrest and a wrongful detention of the plaintiff., done without legal and factual justification or basis, and without due process.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, as one or more causes of action arise under the United States Constitution and federal law; the Court has pendent or supplemental jurisdiction as to the state law claims. Plaintiff brings this action for damages primarily under 42 U.S.C. §§ 1983 and 1988, since the conduct complained of was engaged in under color of state law, and such conduct by the defendants subjected the plaintiff to deprivations of rights, privileges and immunities secured by the United States Constitution under the First, Fourth, and Fourteenth Amendments to the United States Constitution. The Plaintiff also pleads a cause of action under the New Jersey State Civil Rights Act, N.J.S.A. 10:6-1 and N.J.S.A. 10:6-2.

3. Venue is proper in this District as it is the District in which the Plaintiff and the defendants reside and/or the District in which the claims arise.

## THE PARTIES

4. Evan Reece is an adult male, and at relevant times, was a citizen and resident of the State of New Jersey, County of Burlington, 423 California Trail, Brown Mills, New Jersey.

5. Defendant Robert Lewandowski was, at all relevant times, the Director or Chief of Police of the Township of Pemberton Police Department. Upon information and belief, he was at all relevant times the chief policy maker and supervisor for the Township of Pemberton Police Department, and the official responsible for the hiring, training, discipline, and/or supervision of employees of the Township of Pemberton Police Department. Lewandowski is sued in his individual and official capacities. That

Department patrolled and served as the local law enforcement and police agency Township of Pemberton, including Brown Mills where Plaintiff resided, at the times relevant to the present complaint.

6. Defendant Sergeant Peter Paul Delagarza was an agent, servant or employee of the TOPPD. Upon information and belief, Peter Paul Delagarza directed, supervised, condoned and/or acquiesced and participated personally in the unconstitutional conduct of the Defendants Hall and Gant, in the carrying out of the conduct that violated the Plaintiff's constitutional rights.

7. Defendant " Township of Pemberton" is a municipality or municipal corporation situated within the County of Burlington, State of New Jersey, and is a "person" within the meaning of 42 U.S.C. § 1983. At all times relevant hereto, the Township of Pemberton provided police services within Brown Mills. Upon information and belief, Township of Pemberton thus employed the other defendants, individual defendants, and through its policies, acts or omissions, both express and de facto, directed, supervised, condoned and/or acquiesced in the unconstitutional conduct of the individual defendants.

8. At all times relevant, Defendants Delagarza and Patrolman/Officers Gant and Hall were agents, servants or employees of the TOPPD and/or the Township of Pemberton. Upon information and belief, Gant and Hall were assigned to patrol or other such related duties within their assigned jurisdiction and/or municipality that would routinely bring each of them into contact with members of the public in an investigatory or law enforcement capacity and in the context of routine police patrol.

9. Each of the individual defendants was acting within the scope of his/its employment and/or under color of law as agents, servants or employees of Township of Pemberton. Each is sued in both official and individual capacities.

## ALLEGATIONS OF FACT

10. Plaintiff re-alleges and, incorporates by reference as if fully stated herein the allegations of all previous paragraphs of the Complaint.

11. On or about January 7, 2009, in the late afternoon hours, Evan Reece was present at his home at 423 California Trail, Brown Mills, Pemberton Township.

12. Plaintiff, a Captain in the United States Air Force, was in his own home, engaged in lawful and peaceful activity, having just returned from his place of employment at the McGuire Air Force Base.

13. Pemberton Police came to his home and informed him that a so-called "dropped" 911 call, without any actual communication, had been received by a dispatch operator and traced to Reece's residence.

14. Plaintiff had not made any 911 call, nor had anyone placed such a call from his residence; at the residence he had been and was alone from the time he returned from work that afternoon until the moment when the police arrived.

15. Plaintiff Reece opened the door and spoke with an officer, who asked him certain questions with respect to his residence, his circumstances, and whether there was any problem or reasons for such a call. Plaintiff answered the questions, informing the officers that there was neither an emergency or any problem.

16. Defendant Delagarza asked Plaintiff's permission to enter the home and inspect and/or look around. Plaintiff declined to give that permission.

17. The police had no warrant permitting entry.

18. Plaintiff closed his door to end the encounter. Without warning and without explanation, the police Defendants Delagarza, Gant and Hall violently and suddenly forced open the door and rushed toward the plaintiff, seizing him and taking him to the floor. Plaintiff did not resist.

19. On the floor, the officers struck Plaintiff repeatedly in the face and choked him about the neck, without any need for the use of such level and kind of force.

20. Defendants inflicted numerous facial injuries and other marks and abrasions on to the person of Plaintiff, handcuffed him, arrested him, and charged him with assault on an officer, obstruction of the administration of justice, and resisting arrest.

21. Plaintiff had not attempted in any way to use force against the police and, in fact, had used no force against the police.

22. Plaintiff had not committed any violation of any law, and there was no reason in law or fact for the arrest or seizure of his person, no articulable, factual basis to suspect him of criminal wrongdoing, and no probable cause to believe that he had committed or was committing any criminal offense.

23. When Plaintiff denied Defendant officers entry to his private residence, Defendants decided to invade his home and physically assault and seize Plaintiff, without legal or factual justification.

24. Defendants entered the residence of Plaintiff without probable cause, without a search warrant, and in violation of the fourth amendment. Defendant assaulted plaintiff, using excessive and unnecessary force against the person of Plaintiff, without

any legal justification. Defendant attempted physically to seize Plaintiff without justification in law or fact.

25.  As a proximate result of Defendants' misconduct, Plaintiff suffered physical and mental pain, injury, loss of privacy, physical arrest, detention, prosecution, loss of employment and other economic loss and personal injury.

## FIRST COUNT

### Wrongful Seizure and Wrongful Arrest

26.  Plaintiff incorporates here, as if fully set forth, all previous allegations of the Complaint.

27.  Defendants forcefully and physically seized and arrested Plaintiff without any probable or reasonable cause, because of Plaintiff's exercise of his constitutional right to refuse them entry to his home when they had no warrant to do so and no legal right to do so.

28.  Defendants forced their way into the home and sought to arrest for obstruction of justice when Plaintiff had not committed any such offense.

29.  Defendants lacked factual and legal basis to arrest and detain Plaintiff, but physically overwhelmed, struck and immobilized him and took him into custody, without justification or legal right.

30.  Said conduct by Defendants violated Plaintiff's right to be free of wrongful, false and legally and factually unjustified seizure, in violation of his rights under the Fourth Amendment of the United States Constitution and Article I, Section 10, of the New Jersey State Constitution.

31. As a result, Plaintiff suffered the warrantless invasion of his private residence and loss of his constitutional rights, the loss of quiet enjoyment of his home, the administration of excessive and injurious physical force, physical detention and arrest and prosecution, including substantial loss of time from work and other activities, and time and expense.

32. The conduct of Defendants violated Plaintiff's federal constitutional rights to be free from excessive force, unlawful seizure, warrantless invasion of his home, unlawful restraint, unlawful seizure, and wrongful arrest and unreasonable searches of his person and property.

33. As such, the aforesaid conduct constitutes a knowing and intentional violation of Plaintiff's rights to freedom from unlawful restraint/seizure, freedom from unreasonable search and seizure, and his right to privacy, liberty and bodily integrity, under the Fourth, and Fourteenth Amendments to the United States Constitution, all in violation of the provisions of 42 U.S.C. § 1983, and the New Jersey Constitution and the New Jersey Civil Rights Act.

**WHEREFORE**, Plaintiff demands judgment against Defendants and an award of compensatory and punitive damages, along with attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just.

## SECOND COUNT

### Wrongful Entry Into Home

34. Plaintiff incorporates here, as if fully set forth, all previous allegations of the Complaint.

35. Defendants had no probable cause to believe that Plaintiff had committed any crime, nor that evidence of a crime would be found within Plaintiff's home and/or premises.

36. Defendants' forcible entry into Plaintiff's home was in violation of his rights under the Fourth Amendment of the United States Constitution and Article I, Section 10, of the New Jersey State Constitution.

37. As a result of the wrongful entry, Plaintiff suffered the loss of his Fourth Amendment rights, disruption of the quiet enjoyment of his home, physical injury, arrest and prosecution, all with attendant and resulting loss of time from work and other expenses.

38. Defendants' invasion of Plaintiff's home is in direct violation of the Fourth Amendment rights of plaintiff, 42 U.S.C. Section 1983, and the New Jersey Constitution and New Jersey Civil Rights Act.

**WHEREFORE**, Plaintiff demands judgment against Defendants and an award of compensatory and punitive damages, along with attorneys' fees and costs pursuant to 42 U.S.C. Section 1983 and 1988, and such other and further relief as the Court deems just.

### THIRD COUNT

### Excessive Force

39. Plaintiff incorporates here, as if fully set forth, all previous allegations of the Complaint.

40. Defendants utilized substantial and needless physical force, including multiple blows to the face and head, without need for such force. Plaintiff was not physically

resisting the police, nor did Plaintiff attempt to strike, kick, push, or otherwise use any force against the police.

41.     Defendants, without need, inflicted substantial pain and injury upon Plaintiff with three of the defendants physically taking him to the floor, two of the defendants striking him with fists to the face, while a third rendered him defenseless to the blows, none of which force was legally or factually needed or justified.

42.     As a proximate result, Plaintiff suffered injuries, needed medical treatment, lost time from the pursuit of his normal activities and suffered pain, injury, and anguish.

43.     The use of such force was excessive and violated Plaintiff's right to be free of the use of excessive force by police as guaranteed by the United States Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and the New Jersey State Constitution and State Civil Rights Act.  As a result, the Plaintiff has suffered pain, anguish and monetary loss, and will continue to so do in the future.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants, an award of punitive and compensatory damages, attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and the New Jersey State Civil Rights Act, and such other and further relief as the Court deems just.

## FOURTH COUNT

### (Supervisory)

44.     Plaintiff incorporates here, as if fully set forth, all previous allegations of the Complaint.

45. The defendants, Township of Pemberton, its Police Department, Pemberton Police Director Lewandowski and Sgt Peter Paul Delagarza, [collectively, "the supervisory defendants"] have a non-delegable duty to hire, train and supervise, investigate and discipline or sanction members of the municipal police force and to institute policies, practices and customs so as to ensure that no member of the police force conducts unreasonable searches and seizures upon and of the citizens and residents of the municipality and members of public generally; that the police avoid the use of excessive and unnecessary force, that they not penalize citizens for expressing criticism of or disagreement with the police, even if profanely, and for exercising their constitutional rights by declining to allow warrantless entry into the home; the defendants have a duty to ensure that TOPPD officers understand and abide by the requirements of the federal and state Constitutions in their dealings with the citizenry.

46. Upon information and belief, and upon a reasonable belief that discovery will reveal evidence so demonstrating, the supervisory defendants were on actual and/or constructive notice that one or more of their agents, servants or employees, including named Defendants, engaged from time to time in the practice or custom of violating the rights of citizens such as Plaintiff to free expression, and to be secure in their homes and to be free from violations of their fourth amendment rights, and to be free from police retaliation for a citizen's choosing to exercise his constitutional right to close his door to police inquiry and entry without a warrant.

47. Discovery will reveal that the supervisory defendants became aware of the violation of Plaintiff's clear rights to be free of assault, excessive force, wrongful arrest, and acquiesced in the violations of right.

48.     As of January 2009, the conduct of the individual defendants toward Plaintiff, in which these supervisory defendants participated and or acquiesced, violated clearly established law, and defendants had an obligation to train and supervise so as to prevent such Fourth Amendment violations, not to acquiesce in them, and to discipline officers who engage in them.  The defendants have knowingly and/or recklessly, with deliberate indifference, failed to fulfill said duty and have failed to institute policies and/or practices to prevent, penalize and cure such abuses.  Upon information and belief, no discipline or corrective action has been taken against the individual defendants.

49.     Upon information and belief, the defendants' failure to hire, train and supervise subordinates to refrain from such unconstitutional conduct is a violation of citizens' or suspects' federal and state constitutional rights, amounts to a pattern, practice and/or policy of lax or no supervision and lax or no correction of subordinates when they engage in conduct that violates the constitutional rights of citizens to be free from such unreasonable searches and seizures.  The pattern, practice or policy is also exhibited by a failure adequately to train and supervise officers regarding, <u>inter alia</u>, the requirements to lawfully detain citizens, and to lawfully search their persons and property, to invade their residences, over their objections and/or denial of entry, and to utilize force in retaliation.

50.     The pattern, practice or policy and failure to supervise amounts, at minimum, to deliberate indifference to the rights of persons such as Plaintiff.

51.     The various injuries suffered by Plaintiff all proximately result from the deliberate indifference of the supervisory defendants to the protection of the rights, privileges and immunities of Plaintiff as guaranteed by the United States Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and the New Jersey State Constitution

and State Civil Rights Act. As a result, the Plaintiff has suffered pain, anguish and monetary loss, and will continue to so do in the future.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants, an award of punitive and compensatory damages, attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and the New Jersey State Civil Rights Act, and such other and further relief as the Court deems just.

                LOUGHRY and LINDSAY, LLC

By: _____
       Justin T. Loughry, Esquire
       Attorney for Plaintiff Evan Reece

Dated: 1-6-11

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

                Respectfully submitted,

_____
Justin T. Loughry, Esquire
Attorney for Plaintiff Evan Reece

Dated: 1-6-11